# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: February 12, 2013)

_____

| | | |
|---|---|---|
| SEAN BENNETT, | ) | |
| | ) | No. 11-0662V |
| Petitioner, | ) | |
| | ) | Joint Stipulation on |
| v. | ) | Damages; Influenza |
| | ) | Vaccine; Guillain- |
| SECRETARY OF THE DEPARTMENT | ) | Barre Syndrome |
| OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

_____

Diana Stadelnikas, Sarasota, FL, for petitioner.

Jennifer Reynaud, Washington, DC, for respondent.


## DECISION AWARDING DAMAGES[1]

On October 12, 2011, petitioner, Sean Bennet, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program") for a vaccine-related injury.[2]

_____

[1] The undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to file a motion for redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). In the absence of such motion, "the entire" decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On February 12, 2013, the parties in the above-captioned case filed a Stipulation memorializing their agreement as to the appropriate amount of compensation in this case. Petitioner, Sean Bennett, alleged he suffered Guillain-Barre Syndrome ("GBS"), as a consequence of his receipt of the influenza vaccination, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R § 100.3(a). Mr. Bennett further alleges that he experienced the residual effects of this injury for more than six months and he seeks damages related to this injury pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34.

Respondent denies that petitioner's alleged injury and residual effects were caused-in-fact by the influenza vaccine. Nonetheless, the parties have agreed informally to resolve this matter.

The court hereby ADOPTS the parties' said Stipulation, attached hereto as Appendix A, and awards compensation in the amount and on the terms set forth therein. Specifically, petitioner is awarded:

1. A lump sum payment of $60,000.00, representing compensation for past unreimbursable expenses, payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Patricia E. Campbell-Smith
Patricia E. Campbell-Smith
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

SEAN BENNETT,

    Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

    Respondent.

No. 11-662V
Chief Special Master Campbell-Smith
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Sean Bennett ("petitioner"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his flu immunization on September 6, 2010.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he sustained a vaccine-related injury diagnosed as Guillain Barre Syndrome ("GBS") that was caused-in-fact by the flu vaccine. He further alleges that he experienced the residual effects of his injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

1

6. Respondent denies that petitioner's alleged GBS and residual effects were caused-in-fact by the flu vaccine and denies that petitioner experienced the residual effects of these injuries for more than six months. Respondent further denies that the flu vaccine caused petitioner any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $60,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health

2

benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraphs 8 and 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on September 6, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about October 12, 2011, in the United States Court of Federal Claims as petition No. 11-662V.

3

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner to suffer GBS or any other injuries or that petitioner experienced the residual effects of these alleged injuries for more than six months.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

_Sean Bennett_
SEAN BENNETT


ATTORNEY OF RECORD FOR
PETITIONER:

_Diana L. Stadelnikas_
DIANA L. STADELNIKAS
MAGLIO CHRISTOPHER
& TOALE LAW FIRM
1605 Main Street, Ste. 710
Sarasota, FL 34236
(941) 952-5242


AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_Vito Caserta_
VITO CASERTA, M.D.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury Compensation
Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857


Dated: _12 February 2013_

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_Vincent J. Matanoski_
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146


ATTORNEY OF RECORD FOR
RESPONDENT:

_Jennifer L. Reynaud by Althee Walker Davis_
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1586

5